LORD MOTOR CAR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4718.  Promulgated December 16, 1926.

Petitioner is entitled to inventory its used cars at *bona fide* selling prices, less selling cost.

*H. W. Reynolds, Esq.*, and *T. R. Dempsey, Esq.*, for the petitioner.
*George E. Adams, Esq.*, for the respondent.

The Commissioner found a deficiency in income and profits tax for the year 1919 in the amount of $1,503.75. Only that part of the deficiency which results from the Commissioner's addition to gross income of the amount of $5,225.45, by which he reduced the closing inventory of the petitioner for the taxable year, is in controversy.

FINDINGS OF FACT.

The petitioner was a California corporation during the year ended December 31, 1919, with its principal office in Los Angeles, where it was a dealer in new and used automobiles. It was its custom to take used automobiles in part payment for new cars which it sold, and to recondition and resell them to its customers. At December 31, 1919, it had 25 such used cars in stock, which it included in its inventory of unsold merchandise attached to its income and profits-tax return as of that date at a value of $15,676.34. In the audit of such return the Commissioner increased such inventory value to the amount of $20,901.79. The parties stipulate that the inventory sheet in evidence shows that the total cost of the second-hand cars on hand at the end of the year 1919 was $20,901.79, and that such amount was reduced by 25 per cent, or an amount of $5,225.45, the difference being the inventory value of used cars on hand at that date.

Upon the receipt of a used automobile as part payment for any car sold the petitioner took such car into its accounts at a value arrived at by its own appraisal and that represented the difference between the price of the car sold and the cash payments to be received therefor. To this figure of value it subsequently added the cost of conditioning the used car and so arrived at cost and the resale price. It was in this way that the total of $20,901.79, as cost of used cars on hand at December 31, 1919, was determined. From this total the petitioner deducted 25 per cent as the cost of selling such used cars.

OPINION.

LANSDON: It is impossible to reconcile the figures shown on the exhibits adduced in evidence with the amounts in controversy in this proceeding, but, as counsel for the respective parties have stipulated that the cost of the used cars on hand at December 31, 1919, as shown by the petitioner's books, was $20,901.79, and that, in its inventory of its stock, the petitioner deducted 25 per cent from such cost, this is not material. The facts are that on December 31, 1919, the petitioner had used cars that had cost it $20,901.79, and that it wrote down such cost on its own books and in its income-tax return to $15,676.34 which, it avers, was the market value of such cars at

that date. In support of its action it relies on the regulation of the Commissioner, which requires that unsold merchandise on hand at the end of any taxable period shall be inventoried at cost or at cost or market, whichever is lower, and provides that second-hand goods may be inventoried at bona fide selling prices, less cost of selling.

The Commissioner restored the amount written down to the petitioner's inventory apparently on the theory that it was based on an estimated market value rather than on the cost of replacement at that date. The petitioner admits that the write-down was its opinion as to selling cost, but asserts that long experience in handling used automobiles had enabled it to form such an opinion with accuracy, and, in this connection, shows that the used cars in question were sold in 1920 for an amount substantially less than $15,676.79.

The statutory provision governing the making of inventories for Federal tax purposes in the Revenue Act of 1918 is as follows:

SEC. 203. That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Pursuant to the powers granted in the above section, the Commissioner, with the approval of the Secretary, made and promulgated the rules for inventorying stock in trade, in which the following is included in Regulations 45, as amended by T. D. 3296:

\* \* \* Any goods in an inventory which are unsalable at normal prices or unusable in the normal way because of damage, imperfections, shop wear, changes of style, odd or broken lots, or other similar causes, including second-hand goods taken in exchange, should be valued at bona fide selling prices less cost of selling, whether basis (a) or (b) is used \* \* \*.

The Commissioner interpreted this regulation and applied it in a specific case in A. R. R. 3549, C. B. II–2, p. 35.

The evidence adduced by the petitioner has convinced us that the cost of selling used cars is at least 25 per cent of their sale price. The market value of a used automobile is something very different from the market value of new merchandise. In case of the latter the cost of replacement on the market at date is a fair measure of value, but the cost of replacing a used automobile can not be ascertained. We are of the opinion that the petitioner's inventory of its used cars at January 1, 1920, is in conformity with the statute and the regulations of the Commissioner and clearly reflects income.

*Judgment will be entered after 20 days' notice, under Rule 50.*